From: The District Court of the Eighteenth Judicial District. County of Gallatin.

STATE OF MONTANA, Plaintiff, vs. HARRY E. EVANS, Defendant. NO.1697-A

## DECISION

The application of the above-named defendant for review of the sentence of Ten years for Forgery, imposed on September 21, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This crime may be punished by 14 years imprisonment and if defendant's prior felony convictions had been used against him, the sentence might have extended to life or years without limit. The defendant has a record of two prior convictions for the same crime. The forgery here involved was his third and was committed while defendant was out on parole from his second. He has had two paroles from this sentence and has violated both. Further, defendant's present discharge date is July 1970. In the face of these circumstances and the presumption that the sentencing judge was correct in his determination, and despite defendant's contention that he committed the forgery to aid a needy family, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient in all spects.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan Chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Ninth Judicial District. County of Pondera.

STATE OF MONTANA, Plaintiff, vs. RICHARD LEE GONG, Defendant.

## DECISION

The application of the above-named defendant for review of the sentence of Five years for Receiving Stolen Property and Five years for Injuring a Public Jail, to be served concurrently, with 49 days jail time credit, imposed on January 20, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Each of these crimes may be punished by five years imprisonment, the sentences could have been consecutive, and if defendant's prior burglary conviction had been used against him the sentences might have totaled 20 years. Upon the prior felony conviction defendant received 2 paroles, each of which he violated. The present crimes were committed but a short time after discharge from the State Prison on the earlier conviction. Considering these circumstances and the presumption that the sentencing judge was correct in his determination, it appears that the sentences inflicted are quite reasonable, proper and sufficiently lenient in all respects.

Any contention of the defendant that he was not guilty is beyond the power of this court to consider. Its power is limited to, "" * * review the judgment so far as it relates to the sentence imposed * * *." Section 95-2503, R.C.M.1947.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.